IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| MARY L. LEE, | : |
| Plaintiff, | : |
| | : CIVIL ACTION NO:_____ |
| vs. | : |
| | : JURY TRIAL DEMANDED |
| LESLIE A. LAMB, individually and as an agent for PPC TRANSPORATION and PILGRIM'S PRIDE CORP., PPC TRANSPORATION, and, PILGRIM'S PRIDE CORP. | : |
| Defendants. | : |

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

COMES NOW, MARY L. LEE, Plaintiff in the above-styled case action and files her COMPLAINT against the Defendants, LESLIE A. LAMB, INDIVIDUALLY AND AS AN AGENT FOR PPC TRANSPORTATION AND PILGRIM'S PRIDE CORP, PPC TRANSPORATION & PILGRIM'S PRIDE CORP, showing the Court the following:

1.

Plaintiff, Mary L. Lee, is a non-resident of the State of Georgia residing in the State of Florida.

2.

Plaintiff, Mary L. Lee, is a citizen of the United States of America.

3.

Defendant, Leslie A. Lamb, is a resident of Oconee County, Georgia.

4.

Defendant, Leslie A. Lamb, can be served at 7080 Greensboro Highway, Watkinsville, Oconee County, Georgia 30677.

5.

Defendant, PPC Transportation, is a Delaware corporation.

6.

Defendant, PPC Transportation, transacts business in Georgia.

7.

Defendant, PPC Transportation, is authorized to do business in the State of Georgia.

8.

Defendant, PPC Transportation, can be served through its registered agent, CT Corporation, 289 S. Culver Street, Lawrenceville, Gwinnett County, Georgia 30046.

9.

Defendant, Pilgrim's Pride Corp., is a Delaware corporation.

10.

Defendant, Pilgrim's Pride Corp., is authorized to do business in the state of Georgia.

11.

Defendant, Pilgrim's Pride Corp., transacts business in the state of Georgia.

12.

Defendant, Pilgrim's Pride Corp., can be served through its registered agent, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Gwinnett County, Georgia 30092.

13.

The collision referred to in this Complaint occurred in Oconee County, Georgia.

14.

The claims in the Plaintiff's Complaint arose within the geographical territory assigned to the United States District Court for the Middle District of Georgia, Athens Division.

15.

The amount in controversy in this claim, or claims, exceeds Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs.

16.

This Court's jurisdiction is proper pursuant to 28 U.S.C. §1332(a)(1) as to diversity of citizenship and the amount in controversy.

17.

Venue is proper in this Honorable Court pursuant to 28 USC § 1391 (a) and (c).

18.

There are no prerequisites to the bringing of this cause of action which have not been satisfied.

19.

Jurisdiction is proper in this Court.

## I. FACTUAL BACKGROUND

20.

Plaintiff incorporates the allegations in paragraphs 1 through 19 of this Complaint as though fully set forth herein.

In the United States District Court
Middle District of Georgia, Athens Division
Mary L. Lee v. Leslie A. Lamb, individually and as agent for PPC Transportation and Pilgrim's Pride Corporation,
PPC Transportation, & Pilgrim's Pride Corporation
**PLAINTIFF'S COMPLAINT FOR DAMAGES**
Page 4 of 18 Pages

21.

On or about September 14, 2021, at approximately 5:20 p.m., Plaintiff, Mary L. Lee, was stopped in traffic while traveling east on SR 53 towards Stonebridge Parkway in Watkinsville, Oconee County, Georgia.

22.

Plaintiff, Mary L. Lee, was driving a 2018 Ford F150.

23.

On the same date and at approximately the same time Defendant, Leslie A. Lamb, was also traveling east on SR 53 in Watkinsville, Oconee County, Georgia.

24.

Defendant, Leslie A. Lamb, was traveling to the rear of the Plaintiff's stopped vehicle.

25.

Defendant, Leslie A. Lamb, was driving a 2016 Ford F150.

26.

Defendant, Leslie A. Lamb, failed to apply her brakes in ample time while approaching the rear of the Plaintiff's stopped vehicle.

27.

Defendant, Leslie A. Lamb, failed to stop her vehicle in ample time while approaching the rear of the Plaintiff's stopped vehicle.

28.

Defendant, Leslie A. Lamb, caused the front of her vehicle to collide with the rear of the Plaintiff's vehicle.

29.

Defendant, Leslie A. Lamb, caused her vehicle to collide with the Plaintiff's vehicle with such force and impact that she caused damage to the Plaintiff's vehicle.

30.

Defendant, Leslie A. Lamb, caused her vehicle to collide with the Plaintiff's vehicle with such force and impact that she caused damage to the Plaintiff, Mary L. Lee.

31.

Defendant, Leslie A. Lamb, failed to keep a proper look out.

32.

Defendant, Leslie A. Lamb, was negligent in the following particulars, but not limited to these particulars:

a) Failure to keep a proper look out;

b) Failure to keep his vehicle under control;

c) Following too closely, which is negligence per se, pursuant to O.C.G.A. §40-6-49;

d) Reckless driving, which is negligence per se, pursuant to O.C.G.A. §40-6-390; and,

e) Too fast for conditions, which is negligence per se, pursuant to O.C.G.A § 40-6-180.

33.

The cause in fact and proximate cause of the collision was solely the negligence of Defendant, Leslie A. Lamb.

## II. RESPONDEAT SUPERIOR

34.

Plaintiff incorporates the allegations in paragraphs 1 through 33 of this Complaint as though fully set forth herein.

35.

Defendant, Leslie A. Lamb, was driving the 2016 Ford F150 as an agent for Defendant, PPC Transportation.

36.

Defendant, Leslie A. Lamb, was driving the 2016 F150 as an agent for Defendant, Pilgrim's Pride Corp.

37.

Defendant, Leslie A. Lamb, was driving the 2016 Ford F150 as an employee for Defendant, PPC Transportation.

38.

Defendant, Leslie A. Lamb, was driving the 2016 Ford F150 as an employee for Defendant, Pilgrim's Pride Corp.

39.

Defendant, Leslie A. Lamb, was driving the 2016 Ford F150 with the permission of Defendants, PPC Transportation and Pilgrim's Pride Corp.

40.

Defendant, Leslie A. Lamb, was an agent for Defendants, PPC Transportation and Pilgrim's Pride Corp, on the date and time of the collision referred to in this Complaint.

41.

Defendant, Leslie A. Lamb, was acting in her capacity as an agent/employee for Defendants, PPC Transportation and Pilgrim's Pride Corp., on the date and time

of the collision referred to in this Complaint.

42.

Defendant, Leslie A. Lamb, was acting on behalf of Defendants, PPC Transportation and Pilgrim's Pride Corp., and in her capacity as Defendants', PPC Transportation's and Pilgrim's Pride Corp.'s, agent/employee on the date and time of the collision referred to in this Complaint.

43.

Defendant, Leslie A. Lamb, was acting in his capacity as an employee, agent, and servant to Defendants, PPC Transportation and Pilgrim's Pride Corp., at all pertinent times referred to in this Complaint.

44.

Defendant, Leslie A. Lamb, was acting within the scope of Defendants', PPC Transportation's and Pilgrim's Pride Corp.'s, business at all pertinent times referred to in this Complaint.

45.

Defendant, Leslie A. Lamb's, was acting in the prosecution of and in furtherance of Defendants', PPC Transportation's and Pilgrim's Pride Corp.'s, business at all pertinent times referred to in this Complaint.

46.

Defendant, Leslie A. Lamb, was engaged in the service of her employer/Defendants, PPC Transportation and Pilgrim's Pride Corp., at all pertinent times referred to in this Complaint.

47.

Defendant, Leslie A. Lamb, was not on a frolic on the date and time of the collision referred to in this Complaint.

48.

Defendant, Leslie A. Lamb, was not on a detour on the date and time of the collision referred to in this Complaint.

49.

The negligence of Defendant, Leslie A. Lamb, is imputed to Defendants, PPC Transportation and Pilgrim's Pride Corp.

50.

The cause in fact and proximate cause of the collision was solely the negligence of Defendants, Leslie A. Lamb, PPC Transportation and Pilgrim's Pride Corp., and their combined negligence.

## III. DAMAGES

51.

Plaintiff incorporates the allegations in paragraphs 1 through 50 of this Complaint as though fully set forth herein.

52.

As a result of the Defendants' negligence, Plaintiff, Mary L. Lee, has suffered the following bodily injuries, but not limited to the following:

a) L4-5 Posterior Right-Sided Neuroforaminal Herniation of Disc

b) L4-5, T2 Annular Fissure

c) L4-5 Anterior Thecal Sac Impression

d) L4-5 Right-Sided Neuroforaminal Stenosis

e) L5-S1 Disc Bulge

f) L5-S1 Anterior Thecal Sac Impression

g) C4-5 Posterior Bulge

h) C4-5 Thecal Sac Indention

i) C4-5 Bilateral Neural Foraminal Stenosis

j) C5-6 Posterior Disc Bulge

k) C5-6 Thecal Sac Indention

l) C5-6 Bilateral Neural Foraminal Stenosis

m) C6-7 Circumferential Bulge with Posterior Protrusion

n) C6-7 Thecal Sac Indention

o) C6-7 Bilateral Neural Foraminal Stenosis

p) Shoulder Impingement

q) Ankylosing Spondylitis

r) Neck Pain

s) Chest Pain

t) Upper Back Pain

u) Mid Back Pain

v) Lower Back Pain

w) Joint Pain

x) Head Pain

y) Pain Behind the Ear

z) Left-Sided Face Pain

aa) Thoracic Back Pain

bb) Left Scapula Pain

cc) Left Shoulder Pain

dd) Left Upper Extremity Pain

ee) Groin / Hip Area Pain

ff) Gluteal Left Thigh Pain

gg) Posterior Left Thigh Pain

hh) Radiating Pain in Both Arms

ii) Radiating Pain in Left Leg

jj) Cervicalgia

kk) Polyarthralgia

ll) Cervical Radiculopathy

mm) Lumbar Radiculopathy

nn) Peripheral Neuropathy

oo) Facial Nerve Spasm

pp) Left-Sided Trochanteric Bursitis

qq) Right Hip Arthrosis

rr) Left Upper Extremity Neuropathy

ss) Cervical Paraspinal Muscle Spasm

tt) Pain of Left Paraspinal Muscles Radiating to Left Trapezius

uu) Pain of Left Paraspinal Muscles Radiating to Left Rhomboid

vv) Neck Stiffness

ww) Leg Cramps

xx) Leg Weakness

yy) Left Arm Numbness

zz) Left Leg Numbness

aaa) Left Foot Numbness

bbb) Left Arm Tingling

ccc) Left Leg Tingling

ddd) Left Foot Tingling

eee) Left Shoulder Edema

fff) Pelvic / Groin Area Edema

ggg) Bilateral Knee Edema

hhh) Feet Edema

iii) Hand Edema

jjj) Neck Rotation Impairment

kkk) Back Extension Impairment

lll) Back Flexion Impairment

mmm) Back Rotation Impairment

nnn) Lumbar Paraspinous Muscle Tenderness

ooo) Cervical Paraspinous Muscle Tenderness

ppp) Tenderness to Palpation over Left Infraspinatus

qqq) Tenderness to Palpation over Left Supraspinatus

rrr) Tenderness to Palpation over Fingers

sss) Tenderness to Palpation over Hands

ttt) Tenderness to Palpation over Lower Extremity

uuu) Tenderness to Palpation over Left Teres Minor

vvv) Tenderness to Palpation over Left Upper Trapezius

www) Tenderness to Palpation over Right Bilateral Great Toe

xxx) Limited Range of Motion of Left Shoulder

yyy) Limited Range of Motion of Cervical Spine

zzz) Limited Range of Motion of Lumbar Spine

aaaa) Cervical Strain

bbbb) Cervical Sprain

cccc) Lumbar Strain

dddd) Lumbar Sprain

eeee) Painful Arc in Forward Flexion of Left Shoulder

ffff) Empty Can Positive Test of Left Shoulder

gggg) Positive Spurling's Sign on the Right

hhhh) Positive Straight Leg Raise on the Right

iiii) Hawkins-Kennedy Impingement Test Positive

jjjj) Shortness of Breath

kkkk) Difficulty Breathing

llll) Difficulty Lifting

mmmm) Difficulty Sleeping

nnnn) Difficulty Turning Head

oooo) Difficulty Bending Forward

pppp) Difficulty Bending Backwards

qqqq) Difficulty Bending Left

rrrr) Difficulty Bending Right

ssss) Difficulty Twisting to the Left

tttt) Difficulty Twisting to the Right

uuuu) Blurred Vision

vvvv) Ringing in Ears

wwww) Dizziness

xxxx) Post-Traumatic Headaches

53.

As a result of the Defendants' negligence, Plaintiff, Mary L. Lee, has incurred the following medical and medically related expenses, but not limited to the following:

| | | |
|---|---|---|
| a) | St. Mary's Healthcare | $11,353.50 |
| b) | Piedmont Healthcare | $7,599.82 |
| c) | Ashford Orthopedic Specialists | $4,825.00 |
| d) | American Health Imaging | $4,595.00 |
| e) | Allegiance Imaging & Radiology, LLC | $2,350.00 |
| f) | Grand Oak Healthcare | $2,286.00 |
| | **TOTAL** | **$33,009.32** |

54.

Plaintiff, Mary L. Lee, continues to incur medical and medically related expenses.

55.

As a result of the Defendants' negligence, Plaintiff, Mary L. Lee, has incurred a loss of earnings in an undetermined amount.

56.

Plaintiff, Mary L. Lee, was 40 years of age on the date and time of the collision referred to in this Complaint.

57.

Plaintiff, Mary L. Lee, had a life expectancy of 40.11 years on the date and time of the collision referred to in this Complaint.

58.

Plaintiff, Mary L. Lee, has suffered permanent bodily injuries.

**WHEREFORE**, Plaintiff, MARY L. LEE, pray as follows:
A) That process issue and Defendants be served as provided by law;
B) That Plaintiffs recover of Defendants compensatory damages in such amount as shall be shown by the evidence adduced in court;
C) That Plaintiffs recover of Defendants attorney's fees and expenses of litigation in such amount as shall be shown by the evidence adduced in court;
D) That Plaintiffs have a jury trial on all issues for such other and further relief as to the court shall seem meet and proper.

DODD & BURNHAM

/s/ROGER J. DODD
Roger J. Dodd
Attorney for Plaintiff
State Bar No. 224300
Email: doddlaw@doddlaw.com

Post Office Box 1066
Valdosta, Georgia  31603-1066
(229) 242-4470